[Cite as *State ex rel. Sprague v. Wellington*, 2012-Ohio-1698.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. STEVEN SPRAGUE | ) | CASE NO. 11 MA 112 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| RANDALL WELLINGTON | ) | |
| MAHONING COUNTY SHERIFF | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:    Complaint for Writ of Mandamus

JUDGMENT:    Dismissed.

APPEARANCES:

For Relator:    Steven Sprague, Pro se
#568-102
5755 Windsorhill Drive
Cincinnati, Ohio  45238

For Respondent:    Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Gina DeGenova Bricker
Assistant Prosecuting Attorney
21 West Boardman Street, 5th Floor
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  March 28, 2012

PER CURIAM.

{¶1}   Relator Steven Sprague filed an original action in mandamus in order to compel Respondent, the Mahoning County Sheriff, to provide records relating to the office policies of the sheriff's department, as well as records relating to a specific criminal investigation.   Relator has acknowledged that Respondent provided the documents he has requested, and the complaint for writ of mandamus is now moot. He also seeks statutory damages for the alleged delay in providing the records.  Most of the records requested by Relator were not required to be made available because Relator is incarcerated and did not follow the requirements of R.C. 149.43(B)(8), and because his request was overly broad.   Relator did make a proper request for the department's public records policy.  Although Respondent took six months to provide a copy of its public records policy, it does not appear that the policy actually existed as a written record at the time it was requested.   A public office is under no duty to create a record that does not exist.   There is no basis for an award of statutory damages for the events that occurred in this case.   For these reasons and those that follow, the complaint for writ of mandamus is dismissed.

{¶2}   A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."   R.C. 2731.01.   If a person is aggrieved by the failure of a public office to make a public record available, mandamus is an appropriate remedy. R.C. 149.43(C); *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶4.   It is settled law that in order for a writ of

mandamus to issue, a relator must demonstrate that: (1) he has a clear legal right to the relief prayed for; (2) respondents are under a clear legal duty to perform the acts requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983). Relator bears the burden to establish his right to mandamus. *State ex rel. Fant v. Sykes*, 28 Ohio St.3d 90, 91, 502 N.E.2d 597 (1986).

**{¶3}** Dismissal of a writ of mandamus is required when it appears beyond doubt, after presuming the truth of all the material factual allegations in the complaint and making all reasonable inferences in the relator's favor, that he or she is not entitled to the requested extraordinary relief. *State ex rel. Satow v. Gausse-Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N .E.2d 1289, ¶11.

**{¶4}** In February of 2011, Respondent received a public records request from Relator. He requested records regarding a specific criminal case, including photos, other physical evidence, and all statements made by the victims and the defendant. He also requested copies of all of the office policies of the sheriff's department, including the public records policy. In March, Respondent replied, stating that there were no such records located at the office where the request was sent and that he should contact the Youngstown Police Department, the prosecutor's office, and the courts. Relator filed a pro se complaint seeking a writ of mandamus on July 18, 2011, with this Court. Both parties have filed motions for summary judgment. On August 15, 2011, the Mahoning County Prosecutor's Office responded to Relator's request by supplying the public records policy of the Mahoning County

Sheriff's Office. The letter also notified Relator that the remainder of his request was overly broad and that he should specify the types of policy manuals that he was seeking.

{¶5} At the time he made his public records request, Relator was an inmate within Ohio's prison system who was seeking, in part, records of criminal investigations and prosecutions. R.C. 149.43(B)(8) contains heightened requirements for inmates seeking public records of criminal investigations and prosecutions. A person incarcerated pursuant to a criminal or juvenile conviction must first obtain a finding of the judge that sentenced him or her "that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." See *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶13 (interpreting former R.C. 149.43(B)(4)). Relator acknowledges that he did not obtain this finding from his sentencing judge, and therefore, he is not entitled to a writ of mandamus or statutory damages regarding the criminal records he was seeking.

{¶6} Further, part of Relator's request was overly broad in that he sought the records for all policies of the Mahoning County Sheriff's Department. Overly broad public records requests may be denied. The Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 640 N.E.2d 174 (1994), citing *State ex rel. Zauderer*

*v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (1989). A request for all policies of a public office is just the type of overly broad request that may be denied.

{¶7} It is also apparent from Relator's filings that for most of the requested items, he sent his request to the wrong governmental office. After filing this mandamus action, Relator clarified to the Mahoning County Prosecutor's Office which office policies he was seeking, and the prosecutor's office has provided copies of those policies. As the prosecutor's office has been able to respond to Relator, apparently that was the proper office to contact in his public records request.

{¶8} Relator admits that he has now received the records he was seeking. (10/17/11 Supplement to Summary Judgment, p. 2.) The fact that Relator has received the records he initially sought renders this action moot. *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-6549, 832 N.E.2d 711, ¶16.

{¶9} Despite this, Relator has requested statutory damages of $1,000. R.C. 149.43(C)(1) states: "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." Statutory damages are only available under R.C. 149.43(C) "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of

this section." A public office is required to make public records available "within a reasonable period of time." R.C. 149.43(B)(1).

**{¶10}** Relator specifically requested a copy of Respondent's public records office policy on February 22, 2011. Relator acknowledges that he received a copy of the policy on August 15, 2011. (10/11/11 Filing, Sprague Aff., Exh. 2.) It appears from Relator's filings that Respondent's public records policy did not exist until August 12, 2011, and that he received a copy of the policy three days after it was created. If the record did not exist when Relator made his request in February 2011, then Respondent could not have made the record available at that time. "[T]he Public Records Act does not compel [the respondent] to create a new document to satisfy [the relator's] demands." *State ex rel. Fant v. Mengel*, 62 Ohio St.3d 455, 455-456, 584 N.E.2d 664 (1992). Although a public office is required by R.C. 149.43(E) to have a public records policy, the remedy found in R.C. 149.43(C) applies only to errors arising from a failure to comply with R.C. 149.43(B), and there is no indication that statutory damages are available for an alleged violation of R.C. 149.43(E). The request for statutory damages is denied.

**{¶11}** In conclusion, there is nothing in the record that would indicate that Respondent failed to make available to Relator a record that was properly requested and that Respondent possessed at the time the public record's request was made. The request for criminal records was invalid under R.C. 149.43(B)(8). The general request for all office policies was overly broad. The specific request for the public records policy could not be complied with because it did not exist as a written record

until six months after Relator made his initial request. Relator has received the records to which he was entitled and this mandamus action is now moot. We have no basis on which to issue a writ of mandamus or to award statutory damages pursuant to R.C. 149.43(C). Complaint dismissed.

{¶12} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.