[Cite as *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2024-Ohio-3062.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

              Relator,

        - vs -

CONCORD TOWNSHIP
BOARD OF TRUSTEES,

              Respondent.

CASE NO. 2024-L-036

Original Action for Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: August 12, 2024
Judgment: Petition dismissed

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Brandon D.R. Dynes* and *Bridey Matheney*, Thrasher Dinsmore & Dolan LPA, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Respondent).

PER CURIAM.

{¶1} Relator, Brian Ames, filed a "Petition for a Writ of Mandamus." Respondent, the Concord Township Board of Trustees, filed a Motion to Dismiss, which relied on evidence outside of the complaint and its attachments. We therefore issued an entry converting respondent's Motion to Dismiss to a Motion for Summary Judgment and gave relator an opportunity to respond.

{¶2} On July 1, 2024, relator filed a Combined Motion for Default Judgment and Response in Opposition to Summary Judgment.

**{¶3}** On July 11, 2024, respondent filed a reply.

**{¶4}** On consideration of the motions, we grant respondent's Motion for Summary Judgment and dismiss relator's "Petition for a Writ of Mandamus" as moot. Relator's Motion for Default Judgment is overruled.

## Substantive and Procedural History

**{¶5}** On May 10, 2024, relator filed a "Petition for a Writ of Mandamus."

**{¶6}** According to relator's Petition, on Monday, May 6, 2024, relator used a pseudonym to file a public records request with respondent via email.[1] Relator requested the following documents:

1. The rule(s) for notification of meetings required by R.C. 121.22(F) in effect for the years 2023 and 2024
2. The minutes for the staff meetings held in the years 2023 and 2024.
3. The current records retention schedule (RC-2).

**{¶7}** On May 7, 2024, respondent sent a response email to relator with 15 attachments, including the RC-2 record retention schedule, meeting minutes for meetings held June 5, 2023; June 26, 2023; July 31, 2023; August 28, 2023; September 25, 2023; October 30, 2023; December 4, 2023; December 27, 2023; January 29, 2024; March 4, 2024; April 1, 2024; and April 29, 2024.

**{¶8}** However, the attachments did not include meeting minutes for January through June of 2023.

**{¶9}** Further, relator's petition alleges that the meeting minutes were not "signed or approved and hence not official."

---

1. Relator submitted his public records request using the pseudonym "Lavrentiy Beria." Lavrentiy Beria was a close ally of Joseph Stalin, a notorious deputy head of the of the NKVD, and member of the Politburo. Howard Watson, *Twisted History* (Buffalo: Firefly Books, 2015), 61-63. Beria's exploits resulted in the death or imprisonment of millions. *Id.* at 63. After Stalin's death, Beria briefly rose to the highest echelons of the state before Nikita Khrushchev organized a coup and had Beria executed on December 23, 1953. *Id.*

Case No. 2024-L-036

{¶10} On the basis of respondent's failure to "provide documents fully responsive" to his request relator asserted one count of Failure to Provide Public Records as required pursuant to R.C. 149.43(B)(1).

{¶11} Relator requested that this court issue a writ of mandamus directing respondent to provide copies of the requested document; an award of statutory damages, reasonable attorney fees, costs, and any other appropriate relief.

{¶12} This Court issued an alternative writ directing respondent, to move, plead or otherwise respond to the filing.

{¶13} On June 3, 2024, respondent filed a Motion to Dismiss arguing that it had fully complied with relator's public records request within eight days of relator's request, rendering his petition moot.

{¶14} Attached to its motion, respondent included an affidavit of Andrew Rose, Administrator for Concord Township, along with supporting exhibits.

{¶15} The affidavit stated the following:

- Respondent received the public records request via email on May 6, 2024;

- On May 7, 2024, Rose responded to relator's public record request and fulfilled the request with respect to the records retention schedule, the meeting minutes of the Township Board of Trustees' organizational meeting of January 4, 2023 setting the schedule for staff meetings, and the meeting minutes from July 31, 2023 forward;

- On May 7, 2024, relator sent a follow up email indicating that he did not receive the meeting minutes for January through the first half of 2023;

- On May 8, 2024, Rose responded to the follow up email and provided copies of the meeting minutes for the meetings held on January 30, 2023, February 27, 2023, May 2, 2023, June 5, 2023, and June 26, 2023;

3

- On May 13, 2024, Respondent was served with a summons for relator's Petition for Writ of Mandamus;

- Rose discovered that his follow up email had failed to include the April 3, 2023 meeting minutes. He sent an additional fulfillment email on May 14, 2024.

- Rose stated that as of May 14, 2024, relator had received every record he requested in his May 6, 2024 public records request.

{¶16} Respondent's attachments included the following exhibits:

- Exhibit 1: Relator's May 6, 2024 public record request;

- Exhibit 2: Respondent's May 7, 2024 response with attachments;

- Exhibit 3: Relator's May 7, 2024 follow up email;

- Exhibit 4: Respondent's May 8, 2024 response to follow up email with attachments;

- Exhibit 5: Respondent's May 14, 2024 additional fulfillment email with attachment;

- Exhibit 6: Respondent's May 15, 2024 Township Resolution No. 2024-16, approving all Staff Meeting minutes and ratifying all actions taken by the Township Board of Trustees since January 1, 2019.

{¶17} Respondent's Motion to Dismiss said that it fully fulfilled relator's May 6, 2024 public records request by May 14, 2024. Respondent therefore argues that relator's request is moot. Respondent further argues that relator is not entitled to statutory damages or attorney fees because respondent completely fulfilled relator's request within a reasonable time – within seven days of receiving the initial request and within one day of being served with the petition for writ of mandamus. Further, respondent argues that because relator represents himself pro se, he is not entitled to recover attorney fees.

4

Case No. 2024-L-036

**{¶18}** Because respondent's motion to dismiss relied on evidence outside of the complaint and its attachments, on June 4, 2024, we issued an entry converting respondent's Motion to Dismiss to a motion for summary judgment and gave relator an opportunity to respond.

**{¶19}** On July 1, 2024, relator filed a Combined Motion for Default Judgment and Response in Opposition to Summary Judgment.

**{¶20}** Relator's motion for default judgment argues this court denied respondent's motion to dismiss when it converted the motion to a motion for summary judgment. Respondent has not filed an answer and, citing Civ.R. 12(A)(2)(a), relator argues that the time to file an answer has expired. Therefore, he believes he is entitled to a default judgment.

**{¶21}** In his response in opposition to summary judgment, relator argues that, due respondent's failure to file an answer, all of the averments in his complaint have been admitted pursuant to Civ.R. 8(D). Therefore, he argues there are no genuine issues of material fact in dispute.

**{¶22}** Relator's motion does not deny that he has received all documents responsive to his request. Instead, he argues that the "so-called meeting minutes are not signed or approved and hence not official." He says that the minutes "are nothing more than notes made to oneself. They require personal knowledge to understand the cryptic scratchings."

**{¶23}** Relying on *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54 (2001) and *State ex rel. Ames v. Portage Cnty. Bd. of Commrs.*, 2023-Ohio-3382, he

Case No. 2024-L-036

argues that the Public Records Act allows a person to file a mandamus action to "compel the creation of or access to meeting minutes."

{¶24} On July 11, 2024, respondent filed its reply.

**Analysis**

{¶25} To be entitled to summary judgment, a moving party must show that: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.,* 86 Ohio St.3d 414, 415, (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id*

{¶26} Ohio's Public Records Act provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Courts are to construe the Public Records Act liberally in favor of broad access and are to resolve doubts in favor of disclosure of the public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 2012-Ohio-4246, ¶ 16.

{¶27} "Mandamus is an appropriate remedy to compel compliance with the Public Records Act." *State ex rel. Ware v. Galonski*, 2024-Ohio-613, ¶ 8, citing R.C. 149.43(C)(1)(b). "To prevail on a claim for mandamus relief in a public-records case, a

6

party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondent to provide that relief." *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137 ¶ 5.

{¶28} "Under R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, which renders the mandamus claim for production of records moot." *State ex rel. Kesterson v. Kent State Univ.,* 2018-Ohio-5108, ¶ 13. However, the relator may still be entitled to statutory damages and attorney fees if the production of records was not completed within a reasonable period of time under R.C. 149.43(B) and (C). *Id.* Under R.C. 149.43(C)(2), a requester is entitled to "recover $100 for each business day during which a public office or person responsible for the requested public records failed to comply with an obligation arising under R.C. 149.43(B), beginning on the date of commencement of the public-records action, up to a maximum of $1,000." *Ware v. Galonski*, 2024-Ohio-613 at ¶ 10.

{¶29} R.C. 149.43 does not define the term "reasonable time," but the determination of such depends on "all the pertinent facts and circumstances." *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23. A delay of six months has been found to be unreasonable, while a response time of 24 days has been found to be a reasonable period of time given the breadth and complexity of the request. *State ex rel. Stuart v. Greene*, 2020-Ohio-3685 ¶ 7, citing *Kesterson*, 2018-Ohio-5108 at ¶ 22 and *State ex rel. Shaughnessy v. Cleveland*, 2016-Ohio-8447, ¶ 17.

**Mootness:**

{¶30} In this case, respondent has provided an affidavit averring that it has fulfilled relator's public records request. This would render relator's mandamus action moot.

7

Relator has not substantively countered this or denied that he received complete fulfillment of his request. However, he has asserted two bases in opposition to summary judgment.

{¶31} First, relator contends that respondent failed to file an answer after this Court converted his motion to dismiss to a motion for summary judgment. He states that the conversion of the motion was effectively a denial of the motion to dismiss. Relying on Civ.R. 12(A)(2)(a), he argues that respondent failed to timely file its answer and thus admitted each of the averments in the complaint. Civ.R. 12(A)(2)(a) provides in pertinent part that the service of an answer will be due within 14 days after "notice of the court's denial of the motion."

{¶32} Relator's argument is not well taken. We did not give notice of our denial of respondent's motion to dismiss because we did not deny it. We converted it to a motion for summary judgment. The motion remained pending for a substantive ruling. Therefore, Civ.R. 12(A)(2)(a) does not apply.

{¶33} Second, relator contends that the meeting minutes respondent provided were "not signed or approved and hence not official."

{¶34} However, respondent's Exhibit 6 is Concord Township Resolution No 2024-16, which approved all Staff Meeting minutes and ratified all actions taken at Staff Meetings since January 1, 2019.

{¶35} Relator's objection to the minutes goes to their form and content, saying they "are nothing more than notes made to oneself. They require personal knowledge to understand the cryptic scratchings." Whatever relator's complaint about the form and

Case No. 2024-L-036

content of the documents, he has indeed received them pursuant to his public records request.

**{¶36}** Relator's reliance on *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54 (2001) and *State ex rel. Ames v. Portage Cnty. Bd. of Commrs.*, 2023-Ohio-3382, is misplaced. These cases do not hold that the Public Records Act allows a requester to compel the creation of meeting minutes. Instead, they hold that a court may issue a writ of mandamus in an action for an Open Meetings Act violation under R.C. 121.22 to compel a public office "to prepare, file, and maintain full and accurate minutes for the meetings that were at issue." *Ames v. Portage Cnty. Bd. of Commrs.,* 2023-Ohio-3382 at ¶ 30; *Long,* 92 Ohio St.3d 54, 56 (2001).

**{¶37}** These holdings involved petitions for writs of mandamus under the Open Meetings Act, while relator's present petition only seeks to compel compliance with the Public Records Act.

**{¶38}** "If the record did not exist when Relator made his request . . ., then Respondent could not have made the record available at that time. '[T]he Public Records Act does not compel [the respondent] to create a new document to satisfy [the relator's] demands.'" (Brackets in original) *State ex rel. Sprague v. Wellington*, 2012-Ohio-1698, ¶ 10 (7th Dist.), quoting *State ex rel. Fant v. Mengel,* 62 Ohio St.3d 455, 455–456 (1992).

**{¶39}** Respondent has demonstrated that it has provided all documents responsive to relator's request. Relator has not met his burden to establish a material issue of fact on that question. Without passing on whether respondent's Staff Meeting minutes comply with R.C. 121.22, respondent need not create any new document to fully satisfy relator's public records request under R.C. 149.43.

9

Case No. 2024-L-036

**{¶40}** Accordingly, relator's "Petition for a Writ of Mandamus" is moot.

**Statutory Damages and Attorney Fees:**

**{¶41}** Next, relator is not entitled to receive statutory damages or attorney fees.

**{¶42}** Relator filed his request on May 6, 2024, respondent sent an initial (although incomplete) response on May 7, 2024. Relator followed up on May 7, 2024, and respondent provided all but one document in the follow up response on May 8, 2024.

**{¶43}** Relator had all but one of the requested documents (the April 3, 2023 meeting minutes) when he filed his petition on May 10, 2023. Respondent provided that final document on May 14, 2024, one day after it was served with the petition.

**{¶44}** Respondent provided all requested documents within seven days from the date of the request and one day after respondent was served with the "Petition for a Writ of Mandamus."

**{¶45}** This is not an unreasonable time in which to respond to a public records request. Indeed, this entire action could have been avoided through a follow up email. Instead, relator hastily filed this "Petition for a Writ of Mandamus" over one document, which was omitted from the response inadvertently. Relator's motivation in doing so is clear, but such hasty filings undercut his purposes.

**{¶46}** Accordingly, relator is not entitled to statutory damages or an award of attorney fees.

Case No. 2024-L-036

{¶47} For the reasons discussed in this per curiam opinion, respondent's Motion for Summary Judgment is granted; relator's Motion for Default Judgment is overruled and his petition is dismissed.

MATT LYNCH, J., JOHN J. EKLUND, J., ROBERT J. PATTON, J., concur.

Case No. 2024-L-036