**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, Slip Opinion No. 2025-Ohio-1027.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1027

THE STATE EX REL. AMES, APPELLANT, *v*. CONCORD TOWNSHIP BOARD OF TRUSTEES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, Slip Opinion No. 2025-Ohio-1027.]

*Mandamus—Public-records requests—R.C. 149.43—Because all records responsive to public-records request were provided, court of appeals correctly determined that petition for writ was moot—Upon finding that a writ claim is moot, the correct disposition is to deny the writ—Court of appeals' judgment modified and judgment denying petition as moot entered.*

(No. 2024-1160—Submitted January 7, 2025—Decided March 27, 2025.)

APPEAL from the Court of Appeals for Lake County,

No. 2024-L-036, 2024-Ohio-3062.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Brian M. Ames, appeals the judgment of the Eleventh District Court of Appeals granting summary judgment to appellee, Concord Township Board of Trustees, and dismissing his petition for a writ of mandamus against the board. Ames asked the court of appeals to issue a writ of mandamus ordering the board to produce certain public records. The court of appeals determined that Ames's petition was moot and that he was not entitled to a statutory-damages award or an attorney-fee award and dismissed Ames's petition. Ames appeals only the dismissal of his petition; he does not appeal the dismissal of his requests for statutory damages and attorney fees.

**{¶ 2}** We modify the Eleventh District's judgment and instead enter judgment denying, rather than dismissing, Ames's petition as moot.

## I. FACTS AND PROCEDURAL HISTORY

### A. Facts

**{¶ 3}** On May 6, 2024, Ames, using the pseudonym "Lavrentiy Beria," sent a public-records request by email to the township fiscal officer, seeking copies of the following records of the board:

1. the rule(s) for notification of meetings required by R.C. 121.22(F) in effect for the years 2023 and 2024.
2. the minutes for the staff meetings held in the years 2023 and 2024.
3. the current records retention schedule (RC-2).

**{¶ 4}** The following day, the township administrator responded to the request by email, stating, "Attached are the records that are responsive to your request." The email contained 15 documents as attachments. The township

administrator further informed "Lavrentiy Beria" that with respect to the request for the rules for notification of meetings, "[t]he meeting schedule for the year is established during the organizational meeting and is outlined on page 1 in the [attached minutes]. This conforms to ORC 121.22(F)."

{¶ 5} After the township administrator sent the requested records, "Lavrentiy Beria" replied to the township administrator by email that same day, stating that he did not receive the "minutes for first part of 2023." The next day, the township administrator responded to "Lavrentiy Beria" by email, stating that he was providing "all staff meeting minutes from 2023"; the email contained 11 documents as attachments.

## B. Procedural history

{¶ 6} On May 10, 2024, Ames filed a petition for a writ of mandamus in the Eleventh District against the board. He alleged that the board had not fully responded to his records request. He asked the court of appeals to (1) issue a writ of mandamus ordering the board to provide copies of the requested records and (2) award statutory damages, court costs, and attorney fees.

{¶ 7} On May 13, the board received service of Ames's petition and learned that the person who had requested the public records was not "Lavrentiy Beria" but was Ames. In his petition, Ames specifically alleged that not all of the requested staff-meeting minutes had been provided. After the township administrator investigated that allegation, he realized that minutes from the April 2023 staff meeting had been inadvertently omitted from the documents he had sent to Ames by email. On May 14, the township administrator sent an email to Ames, which contained a copy of the April 2023 staff-meeting minutes as an attachment.

{¶ 8} The township administrator has averred that as of May 14, he, on behalf of the board, had provided Ames with all records responsive to Ames's records request. On May 15, the board passed a resolution approving all staff-

meeting minutes since January 1, 2019, and ratifying all actions taken at staff meetings since January 1, 2019.

{¶ 9} The Eleventh District subsequently granted an alternative writ ordering the board to respond to Ames's petition. No. 2024-L-036 (11th Dist. May 29, 2024).

{¶ 10} On June 3, 2024, the board filed a motion to dismiss Ames's petition for failure to state a claim upon which relief can be granted. The board asserted that all records responsive to Ames's records request had been provided to Ames. The board thus argued that Ames's petition seeking a writ was moot.

{¶ 11} Additionally, the board argued that Ames was not entitled to awards of statutory damages, court costs, or attorney fees. The board asserted that the township administrator had responded to Ames's initial email requesting public records within approximately 24 hours. The board also claimed that after Ames sent a reply email stating he did not receive the staff-meeting minutes for the "first part of 2023," the township administrator sent Ames copies of those minutes within 24 hours of learning about the inadvertent omission. The board further stated that after it received service of Ames's petition for a writ of mandamus and learned that another requested record had been inadvertently omitted from its responses to Ames's records request, the township administrator sent Ames that requested record within 24 hours of the board being served with the petition.

{¶ 12} The court of appeals sua sponte converted the board's dismissal motion to a summary-judgment motion and ordered Ames to file a response to the board's motion by July 2, 2024. No. 2024-L-036 (11th Dist. June 4, 2024).

{¶ 13} On July 1, Ames filed a motion for default judgment and for summary judgment. He claimed that by converting the board's dismissal motion to one for summary judgment, the Eleventh District had denied the board's dismissal motion. Ames asserted that because the board had failed to file an

4

answer, the allegations of his petition were deemed admitted. Ames thus argued that he was entitled to a default judgment against the board.

{¶ 14} Ames also argued that the records the board produced in response to his request for staff-meeting minutes "are not meeting minutes." He asserted that "[t]he so-called 'minutes' are nothing more than notes made to oneself. They require personal knowledge to understand the cryptic scratchings."

{¶ 15} On July 11, the board filed a reply brief in support of its summary-judgment motion and a brief in opposition to Ames's motion for default judgment and for summary judgment. The board reiterated its argument that Ames's petition was moot and asserted that Ames had not produced any evidence to establish a genuine issue of material fact about whether his petition was moot.

{¶ 16} On August 12, the court of appeals determined that the board had provided all records responsive to Ames's records request and that Ames's petition for a writ of mandamus was moot. 2024-Ohio-3062, ¶ 39-40 (11th Dist.). The court rejected Ames's argument that it had effectively denied the board's dismissal motion by converting it to a summary-judgment motion. *Id.* at ¶ 31-32.

{¶ 17} The court of appeals additionally rejected Ames's argument that the staff-meeting minutes the board had produced were not the official meeting minutes. *Id.* at ¶ 33-35. The court explained that the board had submitted evidence to establish that it had ratified all staff-meeting minutes dating to January 1, 2019. *Id.* at ¶ 34. The court also disagreed with Ames's argument that the meeting minutes must be in a specific form, *id.* at ¶ 35, and rejected the idea that the board had a duty to create a "new document to fully satisfy [Ames's] public records request under R.C. 149.43," *id.* at ¶ 39.

{¶ 18} The court of appeals further concluded that Ames was not entitled to a statutory-damages award or an attorney-fee award. *Id.* at ¶ 46. The court found that the board had provided all records responsive to Ames's records request within

seven days of the request and that that response time was reasonable. *Id.* at ¶ 44-45.

**{¶ 19}** The court of appeals granted summary judgment to the board, overruled Ames's motion for default judgment, and dismissed Ames's petition. *Id.*, 2024-Ohio-3062, at ¶ 47 (11th Dist.). The court of appeals did not discuss Ames's request for court costs and therefore implicitly denied the request. *See State ex rel. Ware v. Fankhauser*, 2024-Ohio-5037, ¶ 28.

**{¶ 20}** Ames has appealed to this court as of right. In his merit brief, Ames asserts that because the board did not file an answer to his petition, the facts alleged in his petition should have been deemed admitted. He further argues in his first proposition of law that "[i]f a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading, such matters are not excluded by the court, and the motion is treated as a motion for summary judgment to be disposed of as provided in Rule 56, such motion is implicitly denied as a motion to dismiss and an answer must be served." (Boldface deleted.) Ames asserts in his second proposition of law that "[b]efore a court may 'convert' a motion to dismiss to a motion for summary judgment, there must be a predefined procedure to be followed that results in a bona fide motion for summary judgment." (Boldface deleted.) He contends in his third proposition of law that "[t]he pleadings must be closed before summary judgment may be rendered." (Boldface deleted.) In his fourth proposition of law, Ames argues that the board provided "nonresponsive records" to his records request. And in his fifth proposition of law, he asserts that the Eleventh District announced a rule of law by wrongly faulting him for failing to send the board a follow-up email about documents that had not been provided and instead filing a mandamus action against the board.

**{¶ 21}** In its merit brief, the board argues that the court of appeals did not err by treating its dismissal motion as a summary-judgment motion or by dismissing Ames's petition as moot. Moreover, the board disputes Ames's assertion that the

6

staff-meeting minutes it provided to him are nonresponsive records. The board instead insists that the staff-meeting minutes it provided are the official meeting minutes.

## II. LEGAL ANALYSIS

### A. *Procedural arguments*

{¶ 22} Ames's procedural arguments are without merit. Regarding the procedure that Ames challenges—that is, when the court of appeals converted the board's motion to dismiss for failure to state a claim upon which relief can be granted to a summary-judgment motion—Civ.R. 12(B) specifically authorizes it. Civ.R. 12(B) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 23} Here, the Eleventh District stated that it converted the board's dismissal motion to a summary-judgment motion, and it gave the parties adequate notice. *See* No. 2024-L-036 (11th Dist. June 4, 2024). Therefore, Ames's assertion that Ohio law did not authorize the court of appeals' action is without merit. *See generally State ex rel. The V Cos. v. Marshall*, 1998-Ohio-329, ¶ 17 (recognizing the validity of treating a motion to dismiss for failure to state a claim upon which relief can be granted as one for summary judgment when the motion contains matters outside of the pleadings).

**{¶ 24}** Ames's other procedural arguments also are meritless. The facts alleged in Ames's petition were not deemed admitted because the board did not file an answer. Rather than filing an answer, the board filed a motion to dismiss for failure to state a claim upon which relief can be granted, which Civ.R. 12(B)(6) specifically authorizes. *See* Civ.R. 12(A) and (B); *see also State ex rel. Zimmerman v. Tompkins*, 1996-Ohio-211, ¶ 8 (lead opinion) (stating that filing a dismissal motion that court converts to summary-judgment motion "toll[s] the time to file an answer until the summary judgment motion [is] resolved").

**{¶ 25}** Furthermore, Civ.R. 12(B) states that a court that treats a motion to dismiss for failure to state a claim upon which relief can be granted as a summary-judgment motion must dispose of the motion as provided in Civ.R. 56. Nothing in the record suggests that the court of appeals failed to follow Civ.R. 56. Thus, Ames's arguments that the court of appeals did not follow proper procedures are without merit.

### B. Writ of mandamus

**{¶ 26}** "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. McBride*, 2011-Ohio-4674, ¶ 12, quoting Civ.R. 56(C). This court reviews a decision granting summary judgment de novo. *State ex rel. Parker v. Russo*, 2019-Ohio-4420, ¶ 5.

**{¶ 27}** A person allegedly aggrieved by the "failure of a public office or the person responsible for public records to comply with an obligation" under R.C. 149.43(B), may "[c]ommence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)], that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under [R.C. 149.43(C)(2)]." R.C. 149.43(C)(1)(b).

**{¶ 28}** Further, R.C. 149.43(B)(1) obligates "a public office or person responsible for public records," upon request by any person, to "make copies of the requested public record available to the requester at cost and within a reasonable period of time." This provision "establishes a clear legal right [for any person] to request that identifiable public records be made available for inspection or copying" and generally imposes on the public office or person responsible for public records "a corresponding clear legal duty to make a requested public record available for inspection or copying unless it falls squarely within a specific statutory exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 25.

**{¶ 29}** To be entitled to a writ of mandamus, a public-records requester must present clear and convincing evidence that (1) the requester has a clear legal right to compel the public office or the person responsible for the public record to allow the requester to inspect or copy the public record and (2) the public office or the person responsible for the public record has a clear legal duty to allow the requester to inspect or copy the public record. *See* R.C. 149.43(C)(1)(b); *Welsh-Huggins* at ¶ 24, citing *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. The public-records requester is not required to establish the absence of an adequate remedy in the ordinary course of the law. *E.g.*, *Welsh-Huggins* at ¶ 24; *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 25.

**{¶ 30}** "'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 7, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14. Additionally, "[a]bsent contrary evidence in the record," averments that all responsive records have been provided establish that the mandamus claim is moot. *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶ 18; *see also State ex rel. Scott v. Toledo Corr. Inst.*, 2024-Ohio-2694, ¶ 12.

**{¶ 31}** Here, the board presented evidence establishing that it had provided Ames with all records responsive to his records request. Ames did not respond with any evidence to the contrary. Instead, he simply objected to the form of the staff-meeting minutes that were provided to him and contended that the minutes were not "official." But whether the minutes that the board produced were "official" and complied with the Open Meetings Act, R.C. 121.22, is not the issue in this public-records-request case. Rather, the issue is whether the board provided Ames with the requested records. The board presented evidence that it did, and Ames did not produce any evidence to the contrary. Thus, he failed to establish that any genuine issue of material fact exists regarding the mootness of his writ claim. Consequently, the Eleventh District correctly granted the board's summary-judgment motion and correctly overruled Ames's motion for default judgment and for summary judgment.

**{¶ 32}** Ames's argument that the Eleventh District announced a rule of law that a public-records requester must follow up about a request if the requester believes that the response is incomplete also fails because the Eleventh District did not frame that statement as a rule of law. Instead, it simply noted that Ames could have notified the board that he had not received an outstanding record rather than filing a petition for a writ of mandamus. *See* 2024-Ohio-3062 at ¶ 45 (11th Dist.).

**{¶ 33}** In sum, the Eleventh District correctly determined that Ames's petition for a writ of mandamus was moot. However, upon finding that a writ claim is moot, the correct disposition is to deny the writ. *See State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2023-Ohio-2668, ¶ 19. Here, however, the Eleventh District dismissed Ames's petition. 2024-Ohio-3062 at ¶ 47 (11th Dist.). We therefore modify the Eleventh District's judgment dismissing the petition and instead enter judgment denying the petition as moot.

**{¶ 34}** Ames has not argued in this appeal that he is entitled to statutory damages or attorney fees. We therefore do not consider those issues.

### III.  CONCLUSION

{¶ 35} The Eleventh District Court of Appeals correctly determined that Ames's petition for a writ of mandamus was moot.  However, the Eleventh District erred by dismissing Ames's petition rather than denying it.  We therefore modify the Eleventh District's judgment dismissing the petition and instead enter judgment denying the petition as moot.

Writ denied as moot.

_____

Brian M. Ames, pro se.

Thrasher Dinsmore & Dolan, L.P.A., Brandon D. R. Dynes, and Bridey Matheney, for appellee.

_____