[Cite as *State ex rel. Izquierdo v. Krichbaum*, 2026-Ohio-64.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO EX REL. MICHAEL IZQUIERDO,

Relator,

v.

HON. R. SCOTT KRICHBAUM,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0109

---

Writ of Mandamus

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

Michael Izquierdo, Relator and

*Atty. Lynn Maro,* Mahoning County Prosecutor, and *Atty. Daniel P. Dascenzo,* Assistant Prosecuting Attorney, for Respondent.

Dated: January 9, 2026

**PER CURIAM.**

**{¶1}** Relator, Michael Izquierdo, has filed a petition for writ of mandamus against Respondent, the Honorable R. Scott Krichbaum, Judge of the Mahoning County Court of Common Pleas. Relator, proceeding pro se, seeks a writ compelling Respondent to rule on motions Relator filed in an underlying civil case, *Izquierdo v. Ford Motor Company*, Mahoning County Common Pleas Case No. 2025 CV 02520.

**{¶2}** Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and a request for sanctions pursuant to Civ.R. 11. For the reasons that follow, Respondent's motion to dismiss is denied in part as moot and denied as to the request for sanctions, and the writ is denied.

## FACTS AND PROCEDURAL HISTORY

**{¶3}** The following facts are drawn from the petition, its attachments, the trial-court docket, and the filings in this original action.

*The Underlying Litigation*

**{¶4}** On September 24, 2025, Relator filed a civil complaint against Ford Motor Company in the Mahoning County Court of Common Pleas, Case No. 2025 CV 02520, seeking $35,000 in damages arising from an alleged post-settlement dispute with the automaker. A summons and copy of the complaint were issued by certified mail on September 25, 2025, and service was perfected on Ford Motor Company on October 1, 2025.

**{¶5}** On October 28, 2025, 27 days after service, Ford Motor Company, through counsel, filed a notice of appearance and a motion for leave to plead, citing the press of other business and requesting additional time to respond. The following day, October 29, 2025, Relator filed a motion for default judgment and opposition to motion for extension of time.

**{¶6}** On October 30, 2025, the trial court issued a Judgment Entry addressing both motions. Citing Local Rule 6(B), which permits one extension of time as a matter of course, the court granted Ford's motion for leave to plead and extended Ford's deadline

to respond until November 19, 2025. The court overruled Relator's motion for default judgment.

{¶7} The record reflects, however, that Relator was not served with notice of the October 30, 2025 Judgment Entry. The notice of electronic filing indicates that counsel for Ford Motor Company and Judge Krichbaum received electronic notification of the entry. Relator did not receive such notification. Regarding service on Relator, the notice states, "[r]efer to the contents of the document(s) filed for information on how these participants were notified," but the entry itself contains no indication that Relator was served or that the clerk was directed to serve him. Civ.R. 58(B) provides that when a court signs a judgment, the court shall endorse thereon a direction to the clerk to serve notice of the judgment upon all parties not in default for failure to appear. No such direction appears on the October 30, 2025 Judgment Entry with respect to Relator.

*Relator's Subsequent Filings*

{¶8} Between October 31 and November 12, 2025, Relator filed numerous additional motions and notices in the trial court challenging the extension granted to Ford and seeking expedited action. These included a motion for leave to file amended complaint with a proposed amended complaint seeking $250,000 in damages; a notice of time-sensitive motion; a motion for reconsideration and objection to order granting extension of time; a motion for expedited ruling on pending motion for reconsideration and objection to order granting extension of time; and a notice of pending emergency motions and motion for expedited review and to defer consideration of Ford's answer.

{¶9} In the November 12, 2025 filing, Relator advised the trial court that if it did not rule on his pending motions prior to November 19, 2025, he would "be compelled to seek immediate relief through the Supreme Court of Ohio by petitioning for a writ of mandamus directing prompt rulings on the pending motions." (Petition, Ex. 7, Emergency Notice of Prejudice Due to Delayed Review of Pending Motions and Notice of Intent to Seek Mandamus.)

*The Mandamus Petition*

{¶10} Five days later, on November 17, 2025, Relator filed the instant petition for writ of mandamus in this Court. In the petition, Relator alleges that "as of November 17, 2025, none of Relator's motions have been ruled upon." (Petition at p. 2, ¶10.) He requests that this Court issue a writ compelling Respondent to "promptly rule on all pending motions in Case No. 2025 CV 02520, or alternatively, order Respondent to show cause why such rulings have not been made." (Petition at p. 2.)

{¶11} The petition includes numerous exhibits documenting Relator's filings in the trial court. It does not include the October 30, 2025 Judgment Entry in which the trial court had ruled on Ford's motion for leave to plead and Relator's initial motion for default judgment. However, as noted above, the record reflects that Relator was not served with that entry.

*The Trial Court's November 20, 2025 Ruling*

{¶12} Three days after Relator filed the mandamus petition, the trial court issued a comprehensive Judgment Entry on November 20, 2025, addressing the matters Relator had sought to compel. The court granted Relator's motion for leave to file amended complaint as unopposed, deeming the amended complaint filed as of that date and affording Ford fourteen days to respond. The court overruled Relator's motion for reconsideration and objection to order granting extension of time. Finding that Ford had filed a timely motion for more definite statement and was therefore not in default on either the original complaint or the amended complaint, the court overruled all of Relator's motions for default judgment. The court also overruled Relator's various notices and motions for expedited ruling as moot.

{¶13} Subsequent proceedings in the trial court included Ford's motion for more definite statement regarding the amended complaint; Relator's additional motion for default judgment filed December 4, 2025; the trial court's December 8, 2025 order overruling that motion; and a December 22, 2025 magistrate's order sustaining Ford's motion for more definite statement and directing Relator to attach the underlying

settlement agreement to his amended complaint within fourteen days pursuant to Civ.R. 10(D)(1).

*This Original Action*

**{¶14}** Respondent filed the instant motion to dismiss on December 15, 2025, arguing that Relator cannot establish the elements necessary for mandamus relief because the trial court has already ruled on the motions Relator sought to compel, and because Relator possesses an adequate remedy at law through the appellate process. Respondent also requests sanctions against Relator under Civ.R. 11, contending that Relator made willful misrepresentations in his petition by alleging that none of his motions had been ruled upon despite the existence of the October 30, 2025 Judgment Entry.

## LAW AND ANALYSIS

*Standard of Review*

**{¶15}** A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. "The applicable Civ.R. 12(B)(6) standard is whether, after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief." *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 20, citing *Taylor v. London*, 88 Ohio St.3d 137, 139 (2000). With respect to original actions, the Ohio Supreme Court has also held that "Civ.R. 12(B)(6) dismissals may be based on 'merits' issues such as the availability of an adequate remedy in the ordinary course of law." *Id*. The standard for such arguments is the same: whether it appears beyond doubt that relator can prove no set of facts warranting relief. *Id*.

**{¶16}** In considering a motion to dismiss, a court generally may not consider evidence outside the petition. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, (1997). An exception exists, however, when an event causes a case to become moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5. A court

reviewing a request for a writ may consider the trial court's acts after the petition is filed. *State ex rel. Howard v. Skow*, 2004-Ohio-3652, ¶ 9.

### Mandamus and Procedendo

**{¶17}** Although Relator styled his petition as one for a writ of mandamus, the relief he seeks, an order compelling the trial court to rule on pending motions, sounds more appropriately in procedendo. The Ohio Supreme Court has noted that while mandamus may be used to compel a court to issue a decision, procedendo is more appropriate to compel a court to issue a decision because "an inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." (Cleaned up.) *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 13; *accord Bunkley v. State*, 2020-Ohio-4433, ¶ 8 (7th Dist.).

**{¶18}** A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. To state a claim in procedendo, the relator must allege facts showing that (1) they have a clear legal right to require the respondent to proceed, (2) the respondent has a clear legal duty to proceed, and (3) the relator lacks an adequate remedy in the ordinary course of the law. *S.Y.C.* at ¶ 14. Procedendo and mandamus claims become moot when a respondent performs the duty requested to be performed. *See State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5 (procedendo); *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, 2021-Ohio-2799, ¶ 22 (mandamus). Put differently, neither a writ of procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 9 (procedendo); *State ex rel. Davidson v. Beathard*, 2021-Ohio-3125, ¶ 13 (mandamus).

### Relator's Claims Are Moot

**{¶19}** Relator filed his petition on November 17, 2025, seeking an order compelling Respondent to rule on his pending motions in the underlying civil case. Three days later, on November 20, 2025, Respondent issued a comprehensive Judgment Entry disposing of all of Relator's pending motions. The court granted Relator's motion for leave

to file amended complaint, overruled his motion for reconsideration and objection to order granting extension of time, overruled his motions for default judgment, and overruled his various notices and motions for expedited ruling as moot.

**{¶20}** Respondent has therefore provided Relator with all the relief he could have received through his mandamus claim here—rulings on the motions that were pending before the trial court. The trial court's November 20, 2025 Judgment Entry renders Relator's petition moot. *See S.Y.C.* at ¶ 16 (dismissing procedendo and mandamus claims as moot where the trial court ruled on all pending motions during the pendency of the petition).

**{¶21}** To the extent Relator may be dissatisfied with the manner in which Respondent ruled on his motions, or with the substance of those rulings, neither mandamus nor procedendo is an appropriate vehicle to challenge them. Extraordinary writs are not used to control judicial discretion, even if that discretion was allegedly abused. *State ex rel. Mason v. Burnside*, 2007-Ohio-6754, ¶ 11. If Relator believes the trial court's rulings are contrary to law, the appropriate remedy is a direct appeal following final judgment in the underlying case. *State ex rel. Daniels v. Russo*, 2018-Ohio-5194, ¶ 24 (Kennedy, J., concurring) ("it is well established that neither mandamus nor procedendo is a substitute for an appeal").

*Sanctions*

**{¶22}** Respondent requests sanctions against Relator under Civ.R. 11, contending that Relator made willful misrepresentations in his petition by alleging that none of his motions had been ruled upon when, in fact, the trial court had issued the October 30, 2025 Judgment Entry ruling on Ford's motion for leave to plead and Relator's initial motion. Respondent emphasizes that Relator attached numerous exhibits to his petition but omitted the October 30, 2025 Judgment Entry.

**{¶23}** Civ.R. 11 provides that the signature of a party constitutes a certificate that the party has read the document and that, to the best of the party's knowledge, information, and belief, there is good ground to support it. Sanctions under Civ.R. 11 require a willful violation; the rule employs a subjective bad-faith standard. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 8.

{¶24} The record does not support a finding that Relator acted in subjective bad faith. As set forth in the factual recitation above, the record reflects that Relator was not served with notice of the October 30, 2025 Judgment Entry. The notice of electronic filing indicates that counsel for Ford Motor Company and Judge Krichbaum received electronic notification of the entry, but there is no indication that Relator was served. Civ.R. 58(B) requires the court to endorse on a judgment entry a direction to the clerk to serve notice upon all parties not in default for failure to appear. No such direction appears on the October 30, 2025 Judgment Entry with respect to Relator.

{¶25} Under these circumstances, we cannot conclude that Relator's failure to include the October 30, 2025 Judgment Entry in his petition, or his allegation that none of his motions had been ruled upon, constituted a willful misrepresentation made in bad faith. Respondent's request for sanctions is therefore denied.

*Proper Disposition*

{¶26} Finally, we address the proper disposition of this matter. Respondent filed a motion to dismiss, arguing that Relator's petition should be dismissed for failure to state a claim. However, the Ohio Supreme Court has recently clarified that upon finding that a writ claim is moot, the correct disposition is to deny the writ rather than dismiss the petition. *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 33, citing *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2023-Ohio-2668, ¶ 19. Accordingly, we deny Respondent's motion to dismiss in part as moot and deny the writ.

## CONCLUSION

{¶27} Because the trial court ruled on all of Relator's pending motions in its November 20, 2025 Judgment Entry, Relator's claim for mandamus is moot. A writ of mandamus will not compel the performance of a duty that has already been performed.

{¶28} Accordingly, Respondent's motion to dismiss is denied in part as moot and denied as to Respondent's request for Civ.R. 11 sanctions, and the writ is denied. Pursuant to Civ.R. 58, the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs assessed to Relator.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

Mahoning County Clerk of Court shall serve upon all parties notice of this judgment and its date of entry upon the journal.