[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Fankhauser*, Slip Opinion No. 2024-Ohio-5037.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5037

THE STATE EX REL. WARE, APPELLANT, *v.* FANKHAUSER, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Fankhauser*, Slip Opinion No. 2024-Ohio-5037.]

*Mandamus—Public-records requests—Because respondent produced all records responsive to public-records request, request for writ is moot—Because relator failed to show by clear and convincing evidence that he requested public records from respondent by certified mail and that respondent failed to promptly respond to his request, relator is not entitled to statutory damages—Court of appeals' judgment affirmed.*

(No. 2023-1497—Submitted September 3, 2024—Decided October 23, 2024.)

APPEAL from the Court of Appeals for Portage County, No. 2023-P-0030, 2023-Ohio-3939.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. KENNEDY, C.J., concurred in

judgment only.

**Per Curiam.**

**{¶ 1}** Appellant, Kimani E. Ware, filed a complaint for a writ of mandamus in the Eleventh District Court of Appeals seeking a writ ordering appellee, Portage County Clerk of Courts Jill Fankhauser, to produce records in response to a public-records request. Ware also requested that he be awarded statutory damages and court costs. The court of appeals granted the clerk's motion for summary judgment and denied the writ and statutory damages. Ware appealed that judgment to this court. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** In May 2023, Ware filed an original action in the Eleventh District seeking a writ of mandamus. He alleged that in March 2022, he had submitted a public-records request to the clerk's office via certified mail. The request sought four separate documents. Three were from a mandamus case filed in 1999: (1) a copy of the case's docket sheet, (2) a copy of the motion for summary judgment filed in the case, and (3) a copy of the judgment entry in the case dated February 4, 2000. The fourth requested record was a copy of the clerk's office's records-retention schedule.

**{¶ 3}** Ware claimed that the clerk had responded to his request by mailing him a copy of his request bearing a stamp that read:

FILED

COURT OF APPEALS

MAR 15 2022

JILL FANKHAUSER, Clerk

PORTAGE COUNTY, OH

2

(Capitalization in original.) Ware claimed that he had mailed two more letters to the clerk asking about his request but had received no responses. For relief, Ware asked for a writ of mandamus ordering the clerk to provide copies of the records. He also sought statutory damages and costs.

{¶ 4} Ware's complaint included (1) a copy of a return receipt from a certified mailing indicating that the clerk's office had received a mailing from him in March 2022, (2) a copy of his request bearing a clerk's office date stamp that he alleged the clerk had sent back to him, and (3) a copy of an envelope from the clerk's office addressed to him and postmarked March 2022.

{¶ 5} In early June 2023, the clerk filed an answer to Ware's complaint and a motion for summary judgment. She maintained that she had been unaware of Ware's public-records request until May 11, 2023, when she was served with his complaint. She also stated that her office maintains a system to index public-records requests and that her office has no record of previously receiving Ware's request or his follow-up inquires.

{¶ 6} She accounted for the evidence that Ware submitted in this case—the copy of a public-records request by Ware bearing a clerk's office date-stamp of March 15, 2022 and the copy of a March 2022 postmarked envelope to Ware from her office—by pointing to a prior mandamus action Ware had filed against her office. In 2021, Ware filed a different public-records mandamus action against the clerk in the Eleventh District, *State ex rel. Ware v. Fankhauser*, case No. 2021-PA-0056. In that case, in March 2022, Ware filed documents captioned "Relator's Reply to Respondent's Motion for Relief from Judgment" and "Affidavit of Kimani E. Ware in Support of his Reply to Respondent's Motion for Relief from Judgment." The clerk's office mailed him back copies of the filings bearing its stamp that read:

FILED

COURT OF APPEALS

MAR 15 2022

JILL FANKHAUSER, Clerk

PORTAGE COUNTY, OH

(Capitalization in original.)

{¶ 7} The clerk stated in her answer that when she learned of Ware's request at issue in the current case on May 11, 2023, her office mailed a response to him on May 16. In her May 16 response to Ware ("the May 16 letter"), which the clerk submitted as evidence in this case, the clerk stated that her office had no record of receiving his March 2022 request but that she was enclosing the responsive documents with the letter. The clerk indicated in the letter that she was enclosing all the documents Ware had requested, except for the February 4, 2000 judgment entry, which, she wrote, "does not exist." The letter requested that Ware remit $3.40 for the cost of copying 34 pages of documents. The clerk's evidence also includes a copy of an envelope addressed to Ware that had been sent by certified mail, as well as a printout of the postal service's tracking history for that piece of mail indicating that it was delivered on May 23, 2023.

{¶ 8} The clerk argued in her motion for summary judgment that Ware's request for a writ ordering her office to produce the records was moot. As to statutory damages, she argued that Ware was not entitled to them, because the evidence was evenly balanced on the issue of when his request was submitted (Ware's evidence indicated that the request was submitted in March 2022, and the clerk's evidence indicated that she was not made aware of the request until May 2023—when she was served with Ware's complaint, which included a copy of the alleged March 2022 request as an exhibit). The clerk also argued that Ware should

not be awarded court costs, because he could not show that she had failed to comply with R.C. 149.43(B) or that she had acted in bad faith.

{¶ 9} Ware responded to the clerk's motion and filed his own motion for summary judgment. Ware reiterated his general allegations that he had submitted a request in March 2022 and had received no responsive records. In response to the clerk's suggestion that Ware had manufactured the clerk's date stamp on his March 2022 request, Ware argued that it was the clerk's evidence that was fraudulent. Specifically, he argued that the May 16 letter submitted by the clerk as evidence in this case is different from the one he actually received from her office on May 25. Ware's response included a letter ("the May 25 letter") that looks very similar to the May 16 letter. The May 25 letter is on the same letterhead and includes most of the same text as the May 16 letter. The May 25 letter differs in that it is undated, does not state that a copy of the retention schedule is enclosed, and does not ask Ware to remit copying costs. Ware argued that the clerk had failed to produce both the judgment entry and her office's retention schedule and that therefore his request for a writ was not moot and he was also entitled to statutory damages and costs.

{¶ 10} Ware's motion for summary judgment generally contained the same allegations, arguments, and evidence as his response to the clerk's motion. His motion argued that the judgment entry he had requested does exist. As evidence, he cited to an online copy of the entry, dated February 4, 2000.

{¶ 11} The clerk filed a reply to Ware's response in opposition to her motion for summary judgment, and she filed a response in opposition to Ware's motion for summary judgment. She argued that the May 25 letter submitted by Ware was not genuine and that she had provided him with a copy of her office's retention schedule. As to the judgment entry that Ware had requested, the clerk represented that there was no judgment entry for that case dated February 4, 2000, but that one dated February 3, 2000, had been identified and mailed to Ware. In

his reply brief, Ware conceded that he had received the judgment entry but argued that he still had not received the retention schedule.

{¶ 12} The Eleventh District granted summary judgment to the clerk and denied Ware's requests for a writ and statutory damages. The court determined that any reasonable trier of fact would conclude that the May 25 letter was an altered version of the May 16 letter and that there was no genuine issue of material fact that the clerk had complied with her duty to respond to Ware's request. The court also held that Ware was not entitled to statutory damages, because the evidence on whether he had made a March 2022 public-records request was evenly balanced and he therefore had failed to meet his burden of proving that component of his claim by clear and convincing evidence. The court did not address Ware's claim for court costs.

{¶ 13} Ware appealed the judgment to this court as a matter of right.

## II. LEGAL ANALYSIS

{¶ 14} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Ware must establish by clear and convincing evidence that he has a clear legal right to the requested relief and that the clerk has a clear legal duty to provide it. *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 6.

{¶ 15} "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. McBride*, 2011-Ohio-4674, ¶ 12, quoting Civ.R. 56(C). This court reviews a decision granting summary judgment de novo. *State ex rel. Parker v. Russo*, 2019-Ohio-4420, ¶ 5.

**{¶ 16}** On appeal, Ware challenges the Eleventh District's conclusion that his request for a writ was moot and that he was not entitled to statutory damages. He also requests court costs.

*A. Mootness*

**{¶ 17}** The court of appeals held that the clerk's response to Ware's request mooted his mandamus claim for the production of the requested records. "'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 7, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14.

**{¶ 18}** Ware argues that the court of appeals erred in holding that his claim was moot, because the clerk had failed to corroborate her claim that the retention schedule had been mailed to him in May 2023. Citing *State ex rel. Ware v. Crawford*, 2022-Ohio-295 (plurality opinion), he contends that "a respondent must attached [sic] copies of the [requested] documents as corroborating evidence" to demonstrate compliance with a public-records request.

**{¶ 19}** In *Crawford*, a plurality of this court rejected the respondent public official's argument that Ware had failed to meet his burden with clear and convincing evidence by failing to show that she had not mailed the requested records to him. *Id.* at ¶ 15 (plurality opinion). The plurality opinion reasoned that (1) if this court were to adopt the public official's position, we would be requiring Ware to prove a negative and (2) the public official was in a better position than Ware to demonstrate that she had complied with her public-records obligation. *Id.* (plurality opinion). A plurality of this court determined that the public official needed to provide corroborating evidence to show that she had responded to Ware's request and that her affidavit alone was insufficient. *Id.* (plurality opinion).

**{¶ 20}** Ware's reliance on *Crawford* is misplaced. First and foremost, *Crawford* is a plurality opinion, which means that it has limited precedential

authority. *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633 (1994). Moreover, *Crawford* is distinguishable. In *Crawford*, the public official's affidavit stated that she had mailed the requested records to Ware around the time that her office printed them and that she had records that showed the dates that they had been printed. *Crawford* at ¶ 15, fn. 1 (plurality opinion). But the documents that she referenced were not included with her affidavit. *Id.* (plurality opinion). Here, the clerk's affidavit describes her response to Ware's request *and* includes (1) a copy of the letter she sent with the documents (the May 16 letter), (2) a copy of the envelope in which the letter was sent, and (3) a printout of the certified-mailing history of the letter. The May 16 letter and related documents corroborate her testimony and demonstrate that she provided Ware with a copy of the retention schedule.

**{¶ 21}** We agree with the court of appeals that Ware's request for a writ was moot.

### B. Statutory damages

**{¶ 22}** Ware also challenges the court of appeals' decision to deny him statutory damages. Even when a public-records mandamus action is mooted by the production of the documents, a relator may still be entitled to statutory damages under R.C. 149.43(C)(2). *State ex rel. Suggs v. McConahay*, 2022-Ohio-2147, ¶ 9. Ware is entitled to statutory damages if (1) he transmitted his request by hand delivery, electronic submission, or certified mail, (2) his request was transmitted to the public office or person responsible for the public records, (3) the request fairly described the public records being sought, and (4) the public office or person responsible for public records failed to fulfill her duties under R.C. 149.43(B) by not promptly producing the records. R.C. 149.43(C)(2). Ware must prove these elements by clear and convincing evidence. *State ex rel. Mobley v. Toledo*, 2022-Ohio-3889, ¶ 11.

**{¶ 23}** The Eleventh District determined that Ware was not entitled to statutory damages, because he had failed to meet his evidentiary burden. The court

of appeals concluded that the evidence of the parties was evenly balanced and therefore Ware failed to show by clear and convincing evidence that he had not received the clerk's response to his request within a reasonable time.

{¶ 24} Ware's argument before this court is a restatement of his original allegations; he asserts that he requested the records at issue from the clerk in March 2022 and that he did not receive a response until after he filed his mandamus claim over a year later. He does not address the clerk's evidence that his request was not received by her office until she was served with his complaint in this case (a copy of the alleged request was attached as an exhibit to the complaint) or her insinuation that he had manufactured the date-stamped copy of the alleged request that he submitted as evidence in this case. He also does not address the court of appeals' conclusion that the parties' evidence was evenly balanced.

{¶ 25} This court has held that a relator fails to meet his burden of producing clear and convincing evidence when the parties' evidence is evenly balanced. *See, e.g.*, *State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 13, citing *State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32. "We have held that when the evidence on the method of delivery of a public-records request consists of contradictory affidavits or is inconclusive, the requester has not satisfied his burden under R.C. 149.43(C)(2)." *State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 22, citing *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-5725, ¶ 26-27.

{¶ 26} Ware's certified-mail receipt demonstrates that he mailed *something* to the clerk's office in March 2022, and the envelope from the clerk's office to Ware postmarked March 2022 shows that her office sent *something* back. Nonetheless, Ware fails to meet his burden, because the clerk has provided a reasonable explanation for that evidence: in March 2022, Ware sent documents by certified mail to the clerk's office to be filed in a different case and her office mailed back to Ware file-stamped copies of those case filings.

**{¶ 27}** Ware failed to show by clear and convincing evidence that he requested the public records from the clerk by certified mail and that she failed to promptly respond to his request. We therefore affirm the court of appeals' decision as to statutory damages.

### C. Court costs

**{¶ 28}** Ware also asserts that he is entitled to court courts. The request for such relief was contained in his complaint. The court of appeals did not address the issue of costs, meaning that the court implicitly denied the request. *See State ex rel. V Companies v. Marshall*, 1998-Ohio-329, ¶ 10; *Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 169 (1990).

**{¶ 29}** Ware maintains that he should be awarded the fees he paid to the court of appeals for filing his original action and the fees he paid to this court for filing this appeal. Under R.C. 149.43(C)(3)(a), a relator will be awarded court costs if the court orders the respondent to comply with R.C. 149.43(B) or if the relator establishes bad faith on the part of the respondent. Ware does not argue that the clerk acted in bad faith. His argument is based solely on his assertion that the court of appeals' decision should be reversed. Because Ware has not shown a violation of R.C. 149.43(B) by the clerk, he is not entitled to court costs.

### III. CONCLUSION

**{¶ 30}** Because the clerk produced all the records that are responsive to Ware's public-records request, we conclude that the court of appeals properly denied Ware's request for a writ as moot. The court of appeals also properly declined to award Ware statutory damages. And, as explained above, Ware is not entitled to an award of court costs. We affirm the judgment of the Eleventh District Court of Appeals.

Judgment affirmed.

_____

Kimani E. Ware, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Christopher J. Meduri, Assistant Prosecuting Attorney, for appellee.

_____