[Cite as *State ex rel. McIntyre v. McCarty*, 2025-Ohio-2065.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, EX REL., LEWIS
LEROY MCINTYRE

     Relator

     v.

JUDGE ALISON MCCARTY, ET AL.

     Respondents

C.A. No. 30845

ORIGINAL ACTION IN MANDAMUS
AND PROHIBITION

Dated: June 11, 2025

PER CURIAM.

{¶1} Relator, Lewis Leroy McIntyre, filed a complaint for a writ of prohibition declaring that Respondent, former Judge Mary Spicer, patently and unambiguously lacked jurisdiction to accept a guilty plea and dismiss other charges in 1992, and a writ of mandamus to order Judge Alison McCarty to vacate the 1992 guilty plea and order dismissing the other charges. Respondents moved to dismiss and Mr. McIntyre responded. Because Mr. McIntyre is not entitled to the writs of mandamus or prohibition, we dismiss this action.

{¶2} Mr. McIntyre has presented numerous claims over the years in this Court and to the Ohio Supreme Court regarding his criminal convictions. Those cases are discussed in his complaint or, to the extent any of them are not, we may take judicial notice of our own docket. *Lopez v. Warden, Madison Correctional Institution*, 2018-Ohio-4061, ¶ 6.

{¶3}    Many of Mr. McIntyre's prior cases have concerned his convictions that resulted from a trial in 1991. The complaint in this case also addresses those same issues, but it seeks a writ directed to the conviction that followed his 1992 guilty plea related to acts that occurred during and after his 1991 trial. As will be explained in more detail below, both before and after Mr. McIntyre was sentenced following his trial, he was indicted on additional crimes for conduct that occurred during the trial (he left during a recess in the trial and did not return until the jury was deliberating) and after the trial (he assaulted a person he claimed was responsible for the crimes he was charged with). Mr. McIntyre resolved the new charges in 1992 through a plea bargain while his appeal from his 1991 conviction following trial was pending in this Court.

{¶4}    Mr. McIntyre has filed this complaint seeking a writ of prohibition from this Court to order the trial court to vacate his 1992 conviction because it was entered while his appeal from his 1991 conviction was pending.

{¶5}    The complaint, and this decision, begin with an overview of more than 30 years of litigation surrounding the 1991 and 1992 convictions. After focusing on the 1991 conviction, the complaint, and this decision, turn to the 1992 conviction that followed Mr. McIntyre's guilty plea.

*Factual Background*

{¶6}    The factual background set forth over the next few paragraphs recites the facts as set forth in the complaint. According to the complaint, in December 1990, two men wearing ski masks robbed two drug houses, firing shots during each crime. A child was injured at the first house, but nobody was hurt at the second house. Mr. McIntyre was charged with various offenses but he believed T.H., who was not charged, was responsible. Mr. McIntyre maintained his innocence and, in a notice of alibi filed before trial, asserted that he was at his girlfriend's, T.T.'s, residence.

{¶7}    In August 1991, Mr. McIntyre was tried for two counts of felonious assault, one of which was an amended count.  He was also tried for one count of aggravated burglary.  There were also firearm specifications and a prior aggravated felony specification.

{¶8}    During the trial, according to the complaint, Mr. McIntyre realized his trial counsel did not successfully subpoena T.T.  Mr. McIntyre left the courthouse to find her, but she had gone out of town for the weekend.  The trial continued in Mr. McIntyre's absence.  After the weekend, Mr. McIntyre brought T.T. to court to testify, but, by that time, the jury was already deliberating.

{¶9}    The jury found Mr. McIntyre guilty of one count of felonious assault and aggravated burglary, but hung on the amended felonious assault charge.  The jury verdict form contained a firearm specification for felonious assault instead of for aggravated burglary, as indicted.  The prior aggravated felony specification was tried to the bench.

{¶10}   After he was found guilty, but before he was sentenced, Mr. McIntyre was indicted for failing to appear.  This indictment, which was filed under the same case number as the 1991 charges, was labeled Supplement Three.

{¶11}   Shortly after his 1991 conviction, according to the complaint, Mr. McIntyre confronted T.H., the person he believed responsible for the two robberies.  T.H. pulled out a razor blade, which Mr. McIntyre grabbed from him.  The complaint explains that Mr. McIntyre used the razor blade to cut T.H.'s throat.  As a result of this, Mr. McIntyre was indicted for felonious assault.  This indictment, also filed under the same case number as the 1991 charges, was labeled Supplement Four.

{¶12}   At the end of August 1991, Mr. McIntyre was sentenced as a result of the jury trial. The count on which the jury was hung, and the two supplemental indictments, remained

outstanding. The sentence was journalized in September 1991; that sentencing entry did not mention the outstanding charges.

{¶13} Mr. McIntyre appealed his convictions in early October 1991. In mid-October, Mr. McIntyre was indicted for a prior aggravated felony specification to felonious assault in Supplement Four and a prior offense of violence specification to the weapons under disability charge. This indictment, which was also filed under the 1991 case number, was labeled Supplement Five.

{¶14} In May 1992, while the appeal from the 1991 conviction remained pending, Mr. McIntyre was indicted for two counts of felonious assault with specifications to each count. This indictment related to the charges in Supplement Four but it was labeled Supplement Six, and it was also filed under the 1991 case number. A few days later, while the appeal of the 1991 conviction remained pending, Mr. McIntyre, pursuant to a plea bargain, pled guilty to an amended charge of aggravated assault and all the counts and specifications in Supplements Three, Four, Five, and Six were dismissed. Mr. McIntyre was sentenced to 18 months to run concurrently with his earlier sentence.

{¶15} A week later, this Court filed its decision in Mr. McIntyre's appeal from his 1991 conviction. This Court overruled the assignments of error and affirmed the judgment of conviction that resulted from the trial.

{¶16} The complaint then skips ahead from this Court's decision in May 1992 to December 2015 when the Supreme Court decided *State ex rel. McIntyre v. Summit County Court of Common Pleas*, 2015-Ohio-5343 (plurality). That decision resulted from a mandamus action

Mr. McIntyre filed in the Ohio Supreme Court. A plurality[1] – three justices – of the Supreme Court concluded that there was not a final and appealable order in 1991 because the amended felonious assault count remained outstanding and no single document disposed of all of the charges. The decision ordered the trial court to enter a final, appealable order.

{¶17} In February 2016, the trial court entered a nunc pro tunc order that disposed of all charges, although the complaint also notes that the February 2016 order has still not accurately and completely resolved all charges, so, according to the complaint, there is still no final, appealable order. The trial court's order memorialized the sentence imposed in 1991, the concurrent sentence imposed in 1992, and ordered credit for time served.

{¶18} Mr. McIntyre appealed the trial court's order to this Court. The complaint makes clear, in no uncertain terms, that Mr. McIntyre disagrees with this Court's decision. This Court applied res judicata and did not consider the assignments of error on the merits. The Supreme Court declined to accept his appeal of this Court's decision. *State v. McIntyre*, 2019-Ohio-4600.

{¶19} Regarding the matter pending before this Court now, the complaint alleges that the key fact is that the first appeal, taken in 1991, was pending while the trial court proceeded on other charges. The complaint contends that former Judge Spicer acted while that original appeal was

---

[1] In a plurality opinion, "only three justices joined while a fourth concurred in judgment only. . . ." *Duriak v. Globe Am. Cas. Co.*, 28 Ohio St.3d 70, 73 (1994) (Brown, J., dissenting). A plurality opinion is different than an opinion that has the support of at least four justices. A plurality opinion "is simply not the law of Ohio." *Hedrick v. Motorists Mut. Ins. Co.*, 22 Ohio St.3d 42, 44 (1986). As the Supreme Court recognized again recently, a plurality opinion has limited precedential authority. *State ex rel. Ware v. Fankhauser*, 2024-Ohio-5037, ¶ 20. While a plurality opinion may be persuasive, *NASCAR Holdings, Inc. v. Testa*, 2017-Ohio-9118, ¶ 18, at least one justice has concluded that plurality opinions "are best viewed as unfortunate abberrations (sic)." *State ex rel. Rouch v. Eagle Tool & Machine Co.*, 26 Ohio St.3d 197, 218, fn. 7 (1986) (Celebrezze, C.J., concurring in part and dissenting in part).

pending and, therefore, she patently and unambiguously lacked jurisdiction to accept his guilty plea and dispose of Supplements Three, Four, Five, and Six.

{¶20} The complaint alleges that, in 1991, the trial court lost jurisdiction to act once the appeal was filed and during the time it was pending. The complaint seeks a writ of prohibition to void this action taken without jurisdiction and, if the writ of prohibition is granted, a writ of mandamus to compel the trial court to vacate the portions of the judgment rendered void. Specifically, the complaint seeks a writ of prohibition to correct former Judge Spicer's actions because she lacked jurisdiction to accept Mr. McIntyre's guilty plea and to dismiss the remaining Supplements and a writ of mandamus to compel Judge McCarty to vacate his guilty plea and the trial court's order setting forth the plea and sentence and dismissing the Supplements.

{¶21} Respondents moved to dismiss. They argued that Mr. McIntyre's claim is barred by res judicata, pointing to the prior appeals and actions Mr. McIntyre has filed over many years.

{¶22} Mr. McIntyre replied in opposition. He argued that res judicata is inapplicable in this case. He contends the focus must be on whether the trial court patently and unambiguously lacked jurisdiction to take his guilty plea and dispose of the other charges. As Mr. McIntyre put it, if this Court agrees with his argument, then he prevails in his prohibition claim.

{¶23} Mr. McIntyre also noted that Respondents oversimplified this case and ignored the many nuanced contexts that have developed in this case. We agree – this is not a simple case. There are decades of decisions that are all relevant to resolving the question before this Court. Both sides in this dispute have focused on what they contend is relevant to resolving this dispute. Respondents argued res judicata, which is consistent with how this Court has decided some of Mr. McIntyre's other cases. Mr. McIntyre, on the other hand, skipped more than a decade from his

1992 guilty plea to the Supreme Court's 2015 decision. Ultimately, however, the question before this Court is whether former Judge Spicer patently and unambiguously lacked jurisdiction to act.

*Requirements for a Writ of Prohibition*

**{¶24}** For this Court to issue a writ of prohibition**,** a relator would normally be required to establish that: (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). In many prohibition cases, the relator seeks to prevent anticipated unauthorized judicial action. This reflects the well-established rule that the writ of prohibition provides a preventative rather than corrective remedy. *State ex rel. Feltner v. Cuyahoga Cnty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6.

**{¶25}** In this case, however, Mr. McIntyre seeks the writ to correct former Judge Spicer's past actions. For a corrective writ of prohibition to issue, Mr. McIntyre must demonstrate that former Judge Spicer patently and unambiguously lacked jurisdiction to take the action about which he complains. *Id.* at ¶ 6, 8. Under these circumstances, Mr. McIntyre is not required to demonstrate that he lacked an adequate remedy in the ordinary course of the law. *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590 (1994).

**{¶26}** The key point of Mr. McIntyre's argument is that former Judge Spicer patently and unambiguously lacked jurisdiction over his criminal case while the initial appeal was pending.

*Requirements for a Writ of Mandamus*

**{¶27}** "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176

(1998). Mr. McIntyre must demonstrate all three elements in order for this Court to grant the writ of mandamus.

*Requirements for Motion to Dismiss*

{¶28} Respondents moved to dismiss. When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). The complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that Mr. McIntyre can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to consider the requirements for granting the writs and the claims raised in the complaint.

{¶29} The complaint notes that granting the writ of mandamus is contingent upon first granting the writ of prohibition. In other words, if this Court grants the writ of prohibition and determines that the trial court's order is void, then the Court should also grant the writ of mandamus to order Judge McCarty to vacate that void order. Thus, we will begin by reviewing the request for a writ of prohibition.

*The Writ of Prohibition claim*

{¶30} The complaint seeks a writ of prohibition to correct judicial action taken without jurisdiction. That action involved former Judge Spicer accepting a guilty plea, dismissing pending charges, and imposing sentence, all in a case which was, at the time, subject to a pending appeal. That seemingly-straightforward claim ignores the nuance that Mr. McIntyre referred to in his reply to the motion to dismiss.

{¶31} While much of the complaint and motion to dismiss are focused on the 1991 conviction, the complaint contends that this is, in fact, immaterial. According to the complaint, it does not matter whether the 1991 conviction was final because former Judge Spicer continued to exercise jurisdiction in the 1991 case while that case was on appeal. We agree with Mr. McIntyre that we need not consider whether the 1991 conviction was final at that time. The sole question is whether former Judge Spicer had jurisdiction to act.

*Mr. McIntyre is not entitled to a writ of prohibition*

{¶32} The complaint contends that the trial court lacked jurisdiction to accept Mr. McIntyre's guilty plea, and dismiss outstanding counts, while an appeal was pending from the same case. It relies on an often-quoted proposition that once an appeal is taken in a case, the trial court loses jurisdiction except to take action in aid of the appeal. *See, e.g., State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). The Supreme Court has also stated this rule more specifically, holding that a "trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm *the judgment appealed from*." (Emphasis added.) *In re S.J.*, 2005-Ohio-3215, ¶ 9. The emphasized language is critical to our analysis.

{¶33} In 1991, Mr. McIntyre appealed from the judgment related to the offenses at two drug houses. There were supplemental indictments filed before and after the conviction for those offenses. Mr. McIntyre's case is not unique in that supplemental indictments were filed after conviction. In *State v. Harbert*, 1996 WL 285365 (9th Dist.), for example, this Court reversed the defendant's convictions and remanded for further proceedings. On remand, a supplemental indictment was filed, charging the defendant with additional counts. *State v. Harbert*, 2002-Ohio-6114, ¶ 3. The defendant entered guilty pleas to counts from both the original indictment and the

supplemental indictment. *Id.* What appears to be unique, and our research has not uncovered cases where something similar has happened, is that new charges were filed in a case after conviction.

**{¶34}** Mr. McIntyre was indicted for actions related to the gunshots fired at two locations. He was tried for those offenses. As the trial neared an end, Mr. McIntyre committed other acts that constituted new criminal offenses, including failure to appear and assaulting the person he believed to be responsible for the offense. These offenses were, in a sense, related to the reason for the original prosecution, but only because of acts Mr. McIntyre committed during the original prosecution. Mr. McIntyre's failure to appear and assault were collateral to the original charges. These counts were never presented to the jury that found him guilty. Nor could they be – they were not even pending at the time the jury returned its decision. Those counts could not have been presented to the jury to consider before it returned a verdict because the jury had already returned a verdict at the time the supplemental indictments were returned.

**{¶35}** This is not a case where one count of a multi-count indictment remains pending when a defendant attempts to appeal. In *State v. Craig*, 2020-Ohio-455, ¶ 21, the Supreme Court held that a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial. In Mr. McIntyre's case, however, the counts that he plead guilty to in 1992 were not pending before the jury when he was tried. Those supplemental indictments were filed after the jury returned a verdict. In this significant way, Mr. McIntyre's case is different than *Craig*.

**{¶36}** The confusion in this case, to the extent there is any, relates to timing and filing. Mr. McIntyre was indicted for criminal acts, shootings at two houses, that occurred months before he was tried, which is what normally happens in a criminal case. What does not normally happen

is that the defendant is later indicted for new criminal conduct in an existing, pending, case. If the charges for failing to appear, and then committing a subsequent felonious assault, had been filed under a new case number, there would be no question that the original conviction was final and appealable and that the trial court could have resolved the new counts by Mr. McIntyre's plea.

{¶37} It is not clear that those new counts should have, or should not have, been filed under the same case number as was used for the original indictment for the earlier, unrelated criminal acts. Perhaps the original and later charges were "related" because Mr. McIntyre failed to appear for trial on the original charges and he cut the throat of the person he believed was responsible for the original criminal conduct. They were not, however, related in the way that supplemental indictments are often related, where additional charges are filed based on further investigation of the original criminal conduct. The supplemental charges at issue here, that were resolved by Mr. McIntyre's 1992 guilty plea, were entirely new charges resulting from new criminal conduct.

{¶38} The supplemental indictments resolved by the 1992 guilty plea presented charges that were ancillary to the original charges. Ancillary charges are separate from the original charges and, for finality purposes, are considered separately. For example, a charge of juror misconduct could be filed in an ongoing criminal case. That charge can be resolved, and the conviction appealed, even though the criminal case remains pending. *See, e.g., State v. T.F.*, 2019-Ohio-1039 (9th Dist.). In *T.F.*, this Court reversed the contempt conviction even though a mistrial had been declared in the underlying criminal case and it remained pending. *Id.* at ¶ 3.

{¶39} When considered this way, it is apparent that these charges are not like those considered in *In re S.J.* and *Special Prosecutors* recognizing that the trial court retains "jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse

the *appealed judgment*, such as the collateral issues like contempt, appointment of a receiver and injunction." (Emphasis added.) *Special Prosecutors*, 55 Ohio St.2d at 97. Focusing on the "appealed judgment" language as it relates to Mr. McIntyre's case, there was nothing about the trial court's acceptance of Mr. McIntyre's 1992 guilty plea – to indictments returned after the jury rendered its verdict – that was inconsistent with the appellate court's authority to review the appealed judgment, the 1991 conviction. The "appealed judgment" determined that Mr. McIntyre was guilty of the offenses involving shots fired at two locations months before the trial. The charges resolved by Mr. McIntyre's 1992 guilty plea, however, related to conduct that occurred after the trial on the original charges began. Those counts involved whether Mr. McIntyre failed to appear at the trial on the original charges and whether Mr. McIntyre assaulted T.H. Therefore, resolution of those counts had nothing to do with the appealed judgment.

{¶40} The Supreme Court recently considered what trial court actions could *not* be taken under *In re S.J.* and *Special Prosecutors*. A trial court cannot, for example, rule on postjudgment motions to reconsider the court's verdict that was the subject of a pending appeal. *State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 16. *Dobson* listed a number of examples where the trial court's action would also run afoul of *In re S.J.*, including trial court action after a state's appeal, resentencing a defendant while the direct appeal of the case involving the sentence was pending, and modifying sentence while the appeal was pending. *Dobson* at ¶ 17 (collecting cases).

{¶41} It is noteworthy that the list of examples where a trial court's exercise of jurisdiction was followed by the conclusion that the trial court's postjudgment orders in *Dobson* do not qualify as "in aid of the appeal" but, instead, "modified the very substance of the judgment" under appeal. *Id.* The Court further noted that the orders also did not address collateral issues like contempt, appointment of a receiver, and injunction. *Id.*

**{¶42}** Here, Mr. McIntyre was found guilty of charges related to shots fired at two locations. The appeal of the 1991 judgment of conviction based on the jury verdict put only that matter before the court of appeals. During and after the trial, Mr. McIntyre committed other criminal acts. Mr. McIntyre's 1992 guilty plea to the subsequent charges, and the trial court's dismissal of the outstanding counts related to those charges, had nothing to do with the 1991 appealed judgment and did not even touch on "the very substance of the judgment." Accordingly, the trial court had jurisdiction to accept Mr. McIntyre's guilty plea.

*Conclusion*

**{¶43}** Mr. McIntyre filed a complaint for a writ of prohibition asserting that Respondent, former Judge Spicer, patently and unambiguously lacked jurisdiction to accept Mr. McIntyre's guilty plea and dismiss other charges in 1992, and a writ of mandamus to order Respondent, Judge McCarty, to vacate the 1992 guilty plea and order dismissing the other charges. Respondents moved to dismiss and Mr. McIntyre responded. Considering the factual allegations as true and making all reasonable inferences in Mr. McIntyre's favor, it appears beyond doubt that Mr. McIntyre cannot demonstrate that he is entitled to the writ of prohibition and, therefore, he is also not entitled to the writ of mandamus he seeks to effectuate his relief should he prevail on his claim for the writ of prohibition.

**{¶44}** This case is dismissed. Costs are taxed to Mr. McIntyre. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶45} In Mr. McIntyre's request for a writ of prohibition and mandamus, the sole issue is whether the trial court had jurisdiction over his 1992 case. The answer to this question is clearly "Yes." Even though the supplemental indictments were filed under his 1991 case number that was on appeal, the 1992 charges involved different criminal activity and therefore, the appeal of the 1991 conviction did not deprive the court of jurisdiction to proceed on these new, different charges.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.