[Cite as *Mitchell Family Trust Fund v. Cole*, 2026-Ohio-742.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MITCHELL FAMILY TRUST FUND,
ET AL.,                                             :

        Plaintiffs,                          :

        v.                                       :

        No. 115340

BRIAN COLE, ET AL.,                                :

        Defendants.                          :

[Appeal by Turoczy Bonding Company,
Third-Party Plaintiff-Appellant]                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-961536

---

### *Appearances:*

Lewis Brisbois Bisgaard & Smith LLP, and Ryan K. Rubin,
Gregory P. Amend, and Daniel A. Leister, *for appellant*
Turoczy Bonding Company.

Donnell Mitchell, *pro se*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Turoczy Bonding Company ("TBC") appeals the trial court's July 15, 2025 decision granting the motion for summary judgment of appellee Donnell Mitchell ("Mitchell") on TBC's third-party complaint. Upon review, we vacate that decision, and we remand the matter with instructions for the trial court to issue a journal entry deeming TBC's third-party claims against Mitchell and Mitchell's motion for summary judgment on those claims moot.

{¶ 2} On April 4, 2022, Mitchell Family Trust Fund and Spring Break, LLC ("the plaintiffs"), filed a complaint against TBC and other defendants. An amended complaint was later filed against the defendants alleging state and federal claims for trademark infringement, unfair competition, and copyright infringement. Cross-claims and counterclaims were also filed, as well as a third-party complaint.

{¶ 3} Relevant to this appeal, TBC filed its third-party complaint on January 23, 2023, against Donnell Mitchell and two other third-party defendants who are not involved in this appeal.[1] On July 15, 2025, the trial court granted summary judgment in favor of TBC and against the plaintiffs on the primary claims against TBC under the complaint. The same day, the trial court granted Mitchell's motion for summary judgment on the counts asserted under TBC's third-party complaint. Other rulings were rendered in the matter.

---

[1] Default judgment was rendered against third-party defendant Turoczy Bail Bonds, Inc., and the third-party claims against third-party defendant City Bonding, LLC, were later voluntarily dismissed without prejudice.

{¶ 4} Separate appeals were filed in this court. In *Mitchell Family Trust Fund v. Cole*, 8th Dist. Cuyahoga No. 115426 (Mar. 5, 2026), which is a companion case to this appeal, this court affirmed the trial court's orders granting summary judgment in favor of TBC and another defendant on the primary claims asserted under the plaintiffs' complaint. The appeal before us involves the trial court's decision to grant Mitchell's motion for summary judgment on the claims asserted against Mitchell under TBC's third-party complaint.

{¶ 5} The third-party complaint sought to impose liability upon Mitchell for any liability imposed upon TBC arising from the primary claims of the plaintiffs. To that end, Count 1 of TBC's third-party complaint asserted a derivative claim for deceptive trade practices, and Count 2 sought a declaratory judgment in relation to rights of the parties arising from the alleged wrongful conduct. The trial court issued a general decision granting the motion under the summary-judgment standard, but it did not make any factual findings or any declarations as to the rights of the parties.

{¶ 6} Our review of a trial court's decision is de novo. *See State ex rel. Ware v. Fankhauser*, 2024-Ohio-5037, ¶ 15. For purposes of our review, we need only address TBC's argument that the trial court committed error by granting Mitchell's motion for summary judgment instead of deeming TBC's third-party claims against him moot and deeming Mitchell's motion for summary judgment moot. We find merit to this argument.

{¶ 7}   Civil Rule 14 sets forth the procedure for third-party practice in Ohio and allows for the filing and service of a third-party complaint by a defendant upon "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."  Civ.R. 14(A).  "This language presupposes that the liability sought to be 'passed on' by the third-party claim arose out of the transaction or occurrence which is the subject matter of the primary claim."  *State ex rel. Jacobs v. Mun. Court of Franklin Cty.*, 30 Ohio St.2d 239, 242 (1972).  The alleged right of the defendant to recover on a third-party complaint "must arise from the plaintiff's successful prosecution of the main action against [the] defendant."  *Renacci v. Martell*, 91 Ohio App.3d 217, 221 (9th Dist. 1993).

{¶ 8}   Here, TBC maintains that its third-party complaint was derivative of the plaintiff's primary claims against TBC.  Indeed, TBC alleged in its third-party complaint that the third-party defendants' alleged conduct "gives rise to the same operative facts that are the subject of the claims of the original plaintiffs" and that the third-party defendants are liable to TBC as a result of their wrongful conduct, including . . . an amount to satisfy all or part of the liability owed by [TBC] to the original plaintiffs (if any)."  TBC further alleged that the claims set forth in the third-party complaint arose out of the "the same transaction, occurrence and conduct that is the subject of the claims alleged by the original plaintiffs in this action."  Thus, once summary judgment was rendered in favor of TBC on the primary claims asserted against TBC and it was relieved of any liability on the primary claims, the third-party claims raised against Mitchell were implicitly

rendered moot.  As such, there was no need to determine the rights and liabilities of the parties under the third-party complaint.  In this particular instance, we find the trial court erred by granting Mitchell's motion for summary judgment rather than deeming the third-party claims against Mitchell and Mitchell's motion for summary judgment moot.

{¶ 9}  To the extent that Mitchell asserts that TBC's claim for a declaratory judgment should survive as a "standalone claim" after the dismissal of the primary action, Mitchell fails to provide any legal authority to support his argument.  Therefore, we need not address Mitchell's argument herein.  *See* App.R.16 (A)(7).  Moreover, it is not this court's responsibility to present arguments on behalf of a party.  *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19.  Also, we will not address Mitchell's judicial estoppel argument, which was not raised in the trial court.  Furthermore, because the third-party claims against Mitchell are moot, we make no decision on the merits of Mitchell's motion for summary judgment.

{¶ 10}  For the reasons stated above, we vacate the trial court's July 15, 2025 decision granting Mitchell's motion for summary judgment, and we remand the matter with instructions for the trial court to issue a journal entry deeming TBC's third-party claims against Mitchell moot and deeming Mitchell's motion for summary judgment on those claims moot.  We limit our decision to the particular circumstances of the matter before us.

{¶ 11}  Judgment vacated; case remanded with instructions.

This case is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
EILEEN A. GALLAGHER, J., CONCUR